UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

United States of America,

          Petitioner,

vs.                        REPORT AND RECOMMENDATION

Marlin J. Parker,

          Respondent.     Civ. No. 09-mc-70 (RHK/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of the Government (hereinafter "IRS") to Enforce an IRS Summons, in accordance with Title 26 U.S.C. §§7402(b), and 7604(a). A Hearing on the Petition was conducted on October 15, 2009, at which time, the IRS appeared by Roylene A. Champeaux, Assistant United States Attorney,

and the Respondent Marlin J. Parker ("Parker") made no appearance on the Record.[1] For reasons which follow, we recommend that the IRS's Petition be granted.

## II. Factual and Procedural Background

On April 2, 2009, IRS Officer Richard A. Wallin ("Wallin"), who is assigned to the area of Small Business and Self-Employed Compliance within the IRS's Division Office that is located in Bloomington, Minnesota, personally delivered an attested copy of an Administrative Summons, pursuant to Title 26 U.S.C. §7602, to Parker. See, <u>Declaration of Richard A. Wallin, ("Wallin Decl."), Docket No 1-1</u>, ¶¶1-5. Wallin was conducting an investigation into the tax liabilities, if any, of Parker and Shannan M. Parker, who is not a party to this proceeding, for the tax years 2005, 2006, and 2007, and the Summons was issued in furtherance of that investigation. <u>Id.</u> at ¶¶2-3.

The Summons directed Parker to appear before Wallin on April 17, 2009, at 10:30 o'clock a.m., at Wallin's office in Bloomington, Minnesota, in order "to give testimony and to produce for examination books, papers, records or other data" as

---

[1] A man purporting to be Parker's "authorized representative" was present in the Courtroom, although he would not otherwise identify himself. He would not acknowledge that he was, in fact, Parker, nor did he claim to be an attorney. Accordingly, there were no appearances of Record on behalf of Parker.

described in the Summons, that is related to the tax years 2005, 2006, 2007. Id. at ¶3; Summons, Docket No. 1-2. Parker failed to appear before Wallin, at the designated time on April 17, 2009, in response to the Summons. See, Wallin Decl. at ¶6.

Thereafter, on May 8, 2009, the IRS issued a last chance letter to Parker, which instructed him to appear on May 22, 2009. Id. at ¶7. Parker also failed to appear before Wallin in response to that last chance letter. Id. at ¶8. Wallin avers that, as of the date of his Declaration of June 10, 2009, Parker's refusal to respond to the Summons continued unabated. Id. at ¶9.

Now, the IRS seeks an Order to enforce the directives of the IRS's Administrative Summons.[2] See, Petition to Enforce IRS Summons, Docket No. 1. In support of its Petition, the IRS offers the Declaration of Wallin, as well as the Administrative Summons. See, Docket Nos. 1-1, 1-2. In pertinent part, Wallin avers as follows:

> 10. The books, papers, records, or other data sought by the summons are not already in the possession of the Internal Revenue Service.

---

[2]Contemporaneous with the filing of this Petition, the Government filed another Petition in this District against Parker, see, United States v. Marlin J. Parker, Civ No. 09-mc-71(JNE/RLE), that relates to the investigation of Parker's tax liabilities for the years 2002, and 2003.

11. No referral has been made to the Department of Justice by the IRS regarding the federal income tax liabilities of respondent for tax years 2005, 2006 and 2007.

12. All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

13. It is necessary to obtain the testimony and to examine the books, papers, records, or other data sought by the summons in order to properly investigate the federal income tax liability of Marlin J. and Shannan M. Parker for the tax years 2005, 2006 and 2007.

Wallin Decl., supra at ¶¶10-13.

In response, Parker submitted a document entitled "Writ of Discovery: Request for Debt Validation Accessment [sic]," in which he asserts as follows:

> The **Secured Party** in the matter of **Noble: Marlin John: Parker**, pursuant to 27 CFR 72.11 does hereby request a validation of debt regarding the above styled case with attached presentments from **Offeror: CLERK OF THE UNITED STATES DISTRICT COURT "et al."**

See, Respondent's Response, Docket No. 4. at p. 1 [emphasis in original].[3]

---

[3] Parker references Title 27 C.F.R. §72.11, which is contained within the Regulations that pertain to the taxing of alcohol and tobacco, and which provides definitions for the words contained in Part 72, which is entitled "Disposition of Seized Personal Property." What relevance this provision has to the IRS's investigation cannot be ascertained.

This is only the beginning of the nearly forty (40) pages that have been submitted by Parker. We do not attempt, here, to summarize or, for that matter, decipher, the entirety of Parker's Response, as we find that Response to be incomprehensible, and without relevance to the issues presented by the Petition before us. However, we do note that, at one point, Parker asserts, as follows:

> This court has no jurisdiction over Marlin John: Parker, a free man on the soil who has reserved all rights under the common law of the republic and the Uniform Commercial Code. Marlin John Parker as authorized representative for the defendant has accepted this proceeding for value and it is returned in exchange for settlement and closure of this accounting and commercial liability.
>
> The bill of exchange has been tendered in this case in accord with Public Law Chapter 48, 48 Stat. 112 & HJR of June 5, 1993.
>
> As this court is acting under Admiralty Maritime contract there is now **NO CONTROVERSY**.
>
> This court must now direct, David Fuller, the Assistant U.S. Attorney and Fiduciary for defendant to settle the matter and close the case.

See, Respondent's Response, Docket No. 4-3, at p. 2 of 3 [emphasis in original]. While the meaning of this passage escapes any common sense reading, we construe his verbiage to challenge this Court's jurisdiction over this matter. By every

appearance, Parker's incantation is but another rendering of the weary mantra of the tax protest movement.

Accordingly, with this as our backdrop, we turn to consider the merits of the IRS's Petition.

III.  Discussion

A.   Standard of Review.  The Administrative Summonses of the IRS are not self-enforcing.  In re Testimony of Arthur Andersen & Co., 832 F.2d 1057, 1059 n. 2 (8th Cir. 1987).  However, "[i]f the taxpayer refuses to comply with [an IRS] summons, the United States may seek judicial enforcement * * * in the appropriate federal district court which 'shall have jurisdiction * * * to compel such attendance, testimony, or production of books, papers, or other data.'"  United States v. Carter, 988 F.2d 68, 69 (8th Cir. 1993), cert. denied, 510 U.S. 870 (1993), quoting United States v. First National Bank Through O'Hara, 727 F.2d 762, 763 (8th Cir. 1984); see also, Title 26 U.S.C. §§7402(b), and 7604(a).

In reviewing a Petition for the Enforcement of an Administrative Summons, the burden upon the petitioning party is not to demonstrate that probable cause for a violation of the Internal Revenue Code exists but, rather, that a prima facie showing

has been made that the Summons was issued in good faith. As the Court stated in United States v. Powell, 379 U.S. 48, 57-58 (1964):

> [T]he Commissioner need not meet any standard of probable cause to obtain enforcement of his summons, either before or after the three-year statute of limitations on ordinary tax liabilities has expired. He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed -- in particular, that the "Secretary or his delegate," after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.

"The IRS may satisfy this burden merely by presenting an affidavit that attests to these facts sworn to by an officer or agent who issued the summons." United States v. Sindel, 854 F. Supp. 595, 599 (E.D. Mo. 1994), vacated on other grounds, 53 F.3d 874 (8th Cir. 1995), citing United States v. Leventhal, 961 F.2d 936, 939-40 (11th Cir. 1992); United States v. Norwood, 420 F.3d 888, 892 (8th Cir. 2005), citing United States v. Moon, 616 F.2d 1043, 1046 (8th Cir. 1980). Once the IRS makes a prima facie showing, then the burden shifts to the Respondent, either to disprove one or more of the Powell factors, or to demonstrate that the enforcement of the Summons would constitute an abuse of the Court's process. See, United States v. Meininger,

101 F.R.D. 700, 703 (D. Neb. 1984), citing United States v. LaSalle Nat. Bank, 437 U.S. 298, 316 (1977); United States v. Norwood, supra at 893.

Such an abuse of process "would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." United States v. Powell, supra at 58. As noted, "[t]he taxpayer carries the burden of proving an abuse of the court's process." United States v. Stuart, 489 U.S. 353, 360 (1989). "[T]his means that those opposing enforcement of a summons do bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service." United States v. LaSalle Nat. Bank, supra at 316. "Without doubt, this burden is a heavy one." Id. In the final analysis, however, a challenge to the lawful purpose being served by a Summons does not create "a forum in which to contest the validity of the underlying assessments." United States v. Mueller, 930 F.2d 10, 12 (8th Cir. 1991), citing United States v. Harper, 662 F.2d 335, 336 (5th Cir. 1981). "The taxpayer must make a substantial preliminary showing of abuse of the court's process before even limited discovery need by ordered." Tax Liabilities of: John Does v. United States, 866 F.2d 1015, 1019 (8th Cir. 1989).

B. <u>Legal Analysis</u>. As an initial matter, insofar as Parker may be attempting to assert that we do not have jurisdiction over this matter, we need only briefly address the issue, as the argument is clearly without merit. Title 26 U.S.C. §7402(b), which establishes the jurisdiction of Federal District Courts, provides as follows:

> **To enforce summons**. -- If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

See also, <u>Title 26 U.S.C. §7604(a)</u>(same). Parker has not seriously denied the existence of any of those jurisdictional factors, nor has he advanced any plausible, or coherent arguments, which would suggest that this Court does not have jurisdiction over the subject matter of this Petition, or over his person. Here, the Record establishes that Parker was summoned to appear before the IRS, pursuant to the Internal Revenue Code, and that he resides in this District. As a consequence, we reject any argument that we do not have jurisdiction over either the person of Parker, or over the subject matter of the Petition.

Proceeding to the merits of the Petition, we find, based upon the uncontroverted Record before us, that the four (4) prongs required by <u>Powell</u> have been satisfied.

First, the IRS has demonstrated, through the Declaration of Wallin, and the content of the Summons, that the documents identified are being sought for a legitimate purpose -- that is, for the purpose of assessing Parker's liability for Federal income tax for the years 2005, 2006, and 2007-- and that the information sought is relevant to that purpose. In addition, the IRS has demonstrated that the information is not already within the IRS's possession; that the administrative steps required by the Internal Revenue Code have been followed; and, as Wallin has attested, that the matter has not been referred to the Department of Justice.

In contrast, Parker has offered no competent evidence so as to meet his heavy burden of rebutting the IRS's prima facie showing. See, United States v. Norwood, supra at 893 ("The burden of proof on the taxpayer necessary to overcome a prima facie showing of proper purpose is a heavy one, because only substantial countervailing policies or express statutory prohibition should stand in the way of effective performance of congressionally imposed responsibilities to enforce the tax Code.")[citations and quotations omitted]. Indeed, rather than present any evidence or argument that might rebut the IRS's prima facie showing under Powell, Parker has offered nothing more than a collection of nonsensical, frivolous, and irrelevant documents, that have no bearing on the issues before the Court. Accordingly, Parker

has failed to satisfy his heavy burden of demonstrating that the Powell elements have not been met, or that the enforcement of the Summons would be an abuse of process, and therefore, we recommend that the Petition to Enforce IRS Summons be granted.

NOW, THEREFORE, It is --

RECOMMENDED:

That the IRS's Petition to Enforce IRS Summons [Docket No. 1] be granted.

Dated: March 15, 2010                *s/Raymond L. Erickson*
                                     Raymond L. Erickson
                                     CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 29, 2010**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 29, 2010**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.